UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KEVIN MILLER,

                              Plaintiff,

                                                                                      <u>DECISION AND ORDER</u>

                                                                                      07-CV-6184L

                         v.

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
_____

## INTRODUCTION

      Plaintiff Kevin Miller, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that he is not entitled to Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner has moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons discussed below, the Commissioner's motion is granted, and this action is dismissed with prejudice.

## BACKGROUND

On October 5, 2004, plaintiff's sister filed an application for SSI benefits on behalf of plaintiff, who at the time was fifteen years old. (T. 45).[1] The application was denied on January 12, 2005. (T. 32).

---

[1] "T. __" refers to the page of the administrative transcript filed by the Commissioner.

Plaintiff requested a hearing, and on September 25, 2006, a hearing was held before a Administrative Law Judge ("ALJ"), at which plaintiff and his mother testified. (T. 213-29). The ALJ issued a decision on October 20, 2006, finding that plaintiff was not disabled. (T. 14-21). The ALJ's decision became the final decision of the Commissioner on February 8, 2007, when the Appeals Council denied plaintiff's request for review. (T. 5-7).

Plaintiff filed the complaint in this action on April 5, 2007, at which time he was eighteen years old. After answering the complaint, the Commissioner moved for judgment on the pleadings on January 23, 2008.

The Court issued a scheduling order on January 24, 2008, giving plaintiff until February 25 to file a response to the Commissioner's motion. (Dkt. #10). Plaintiff responded to the motion by letters from himself and his mother. Both letters were received by the Court on January 28, 2008. Plaintiff's letter is undated. His mother's letter is dated January 25, 2008. In it, plaintiff's mother states, "We reviewed the copies of the motion that has been filed & would just like the opportunity to share some ... concerns for [plaintiff's] well being." Plaintiff has not filed any additional formal response to the Commissioner's motion since then, although he has sent the Court letters on his behalf written by the Coordinator of Special Services at Erie Community College ("ECC") in Buffalo, New York, by the Registrar of Webster Thomas High School in Webster, New York, and by a physician with Rochester General Hospital.[2]

---

[2]The Court's scheduling order giving plaintiff until February 25 to respond to the Commissioner's motion advised him that "this is his only opportunity to present his arguments to the Court as to why the Commissioner erred in denying his claim for benefits," and that "[i]f plaintiff fails to respond, the Court will decide the motion based on the Complaint, the defendant's motion for judgment on the pleadings, and the administrative record." Since plaintiff was clearly put on notice of the need to

(continued...)

## DISCUSSION

**I. Standard of Review**

The Commissioner's decision that plaintiff was ineligible to receive benefits must be affirmed if it applies the correct legal standards and is supported by substantial evidence. 42 U.S.C. § 405(g); *Shaw v. Chater*, 221 F.3d 126, 131 (2$^d$ Cir. 2000); *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir.1998). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). If the Commissioner's decision "rests on adequate findings supported by evidence having rational probative force," a district court cannot not substitute its own judgment for that of the Commissioner. *Veino v. Barnhart*, 312 F.3d 578, 586 (2$^d$ Cir. 2002); *see also Melville v. Apfel*, 198 F.3d 45, 52 (2$^d$ Cir. 1999) ("It is not the function of a reviewing court to decide de novo whether a claimant was disabled").

Such a deferential standard, however, is not applied to the Commissioner's conclusions of law. *Townley v. Heckler*, 748 F.2d 109, 112 (2$^d$ Cir. 1984); *accord Tejada v. Apfel*, 167 F.3d 770, 773 (2$^d$ Cir. 1999). The Court must determine if the Commissioner applied the correct legal standards in finding that plaintiff was not disabled. "Failure to apply the correct legal standards is grounds for reversal." *Townley*, 748 F.2d at 112.

---

$^2$(...continued)
respond to the Commissioner's motion, and since he has in fact responded by way of the letters described above, the Court deems those letters collectively to constitute plaintiff's response to the motion.

**II. Standard for Determining Disability in Children**

To qualify for SSI, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

The Commissioner employs a three-step sequential analysis to determine whether a child is disabled within the meaning of the Act.  20 C.F.R. § 416.924(a); *see also Pollard v. Halter*, 377 F.3d 183, 189 ($2^d$ Cir. 2004).  The first step is to determine whether the child is engaging in "substantial gainful activity."  20 C.F.R. § 416.924(b).  If he is not, the ALJ considers at step two whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations."  20 C.F.R. § 416.924(c).  Finally, at step three, if the ALJ finds a severe impairment, he then must consider whether the child has an impairment that "meets," "medically equals," or "functionally equals" a disability listed in the Commissioner's listing of impairments, which is found at 20 C.F.R. § 416.924(d).

The regulations set forth a detailed process for determining functional equivalence in childhood disability cases.  *See* 20 C.F.R. § 416.926.  The ALJ must examine the evidence of record and determine the child's level of functioning in "six domains."  The six domains are:  (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).  If a child has "marked" limitations[3] in two of the domains

---

[3]The regulations provide that

(continued...)

or an "extreme" limitation[4] in one domain, then his impairments will "functionally equal" the Listings, and he will be found disabled. 20 C.F.R. § 416.926a(d).

### III. Application to this Case

In the case at bar, the ALJ determined at step one that plaintiff was not engaging in any substantial gainful activity. (T. 17). At step two, he found that plaintiff suffered from a learning disability and low back pain. *Id.* At step three, the ALJ found that plaintiff's impairments did not meet, medically equal, or functionally equal the Listings. *Id.*

In reaching those conclusions, the ALJ found that plaintiff had certain limitations relating to the six domains of function. He found that plaintiff had less than marked limitation in three of

---

[3](...continued)
[w]e will find that you have a 'marked' limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme." It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean.

20 C.F.R. § 416.926(e)(2).

[4]The regulations provide that

[w]e will find that you have an "extreme" limitation in a domain when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. "Extreme" limitation also means a limitation that is "more than marked." "Extreme" limitation is the rating we give to the worst limitations. However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean.

20 C.F.R. § 416.926(e)(3).

those domains: acquiring and using information; attending and completing tasks; and health and physical well-being. (T. 18-20). He also found that plaintiff had no limitations in the other three domains. (T. 20).

In neither the complaint nor in his submissions in response to the Commissioner's motion has plaintiff identified any alleged errors in the Commissioner's decision, either with respect to his factual findings or the legal standards applied by the ALJ. Because plaintiff appears *pro se*, his papers must be liberally construed in his favor, and held to "less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Even "interpret[ing plaintiff's papers] as raising the strongest arguments that they suggest," however, *see Burgos v. Hopkins*, 14 F.3d 787, 790 (2$^d$ Cir. 1994), I can find no error in the Commissioner's decision.

In support of his findings, the ALJ noted that although plaintiff was "barely passing his classes[, ... h]e ha[d] been able to maintain his average at a level sufficient to keep his eligibility to play high school football and wrestling." (T. 19). He also cited evidence that plaintiff had undergone psychological testing, and that the examiner found that plaintiff had an average range of intellectual abilities. *Id.* He noted that plaintiff's "most recent consultative teacher wrote that he had an average attention span when he was redirected and [that plaintiff] needed a lot of re-direction to stay on task," *id.*, and that although plaintiff had been treated for back problems, obesity and headaches, "he continues to participate in high school sports, including football, where he is a starting lineman for the varsity team," and wrestling as well. (T. 20).

Plaintiff's papers, including the various letters that he has submitted from himself and others writing on his behalf, generally indicate that plaintiff, who is currently attending college at ECC, would benefit from receiving SSI benefits, as that would allow him to concentrate on his studies, while continuing to play football, which allegedly is of some psychological benefit to him. The gist of plaintiff's papers is that without SSI benefits, plaintiff would have to maintain at least part-time employment, which would make it difficult for him to succeed in school.[5]

The Court is not writing here on a clean slate, however. The question before me is not whether the *Court* believes that plaintiff would be better off if he were receiving SSI benefits, but whether the *Commissioner* applied incorrect legal standards in denying plaintiff's application for benefits, and whether the Commissioner's factual findings are supported by substantial evidence. Even giving plaintiff's papers a generous reading, I find no basis upon which to conclude that the Commissioner's decision was erroneous or without adequate factual support. The ALJ conducted a comprehensive review of the medical evidence and opinions of record, and gave a proper explanation for his finding that plaintiff was not disabled. Under these circumstances, the Commissioner's decision must be upheld. *See Brown v. Commissioner of Social Security*, 430 F.Supp.2d 102, 106 (W.D.N.Y. 2005).

---

[5]Plaintiff's mother states that he "has been working a part time job as a child care provider ... supervising board games with children ... ." Dkt. #11 at 4.

## CONCLUSION

The Commissioner's motion for judgment on the pleadings (Dkt. #9) is granted, and the complaint is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 26, 2008.